**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISON**

| | |
|---|---|
| MELODIE PARKER, )<br><br>        Plaintiff, )<br>v. )<br><br>PORTFOLIO RECOVERY )<br>ASSOCIATES, LLC )<br><br>& )<br><br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC. )<br><br>        Defendants. ) | **COMPLAINT**<br><br>Case No: 3:23-cv-365<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Melodie Parker, by and through the undersigned counsel, and for her Complaint against Defendants, Portfolio Recovery Associates, LLC ("PRA") and Experian Information Solutions, Inc. ("EX") (and together collectively, "Defendants") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

**JURISDICTION**

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2.      Venue is proper because Plaintiff resides here, the acts and transactions occurred here, and PRA and EX transact business here.

3.      Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4.      Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

1

5.      Plaintiff resides in League City, a part of Galveston County, TX 77573.

6.      The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of League City, a part of Galveston County, TX 77573, making the Galveston Division a proper venue under 28 U.S. Code § 1391(b)(2).

7.      Defendant PRA, a Delaware corporation headquartered in Norfolk, VA, practices as a debt collector throughout the country, including TX.

8.      Defendant PRA attempts to collect alleged debts throughout the state of TX, including in League City and Galveston County.

9.      Defendant PRA has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10.      Defendant PRA has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in League City and Galveston County and Defendant attempts to collect alleged debts throughout the state of TX.

11.       Defendant PRA knowingly attempted to collect on a debt allegedly incurred in League City, TX, and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

12.      Defendant EX, an Ohio corporation headquartered in Costa Mesa, CA, practices as a debt collector throughout the country, including TX.

13.      Defendant EX serves as a credit reporting agency of consumer credit throughout the state of TX, including in League City and Galveston County.

14.      Defendant EX has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant EX purposefully availed itself to the jurisdiction in which Plaintiff resided.

15.      Defendant EX has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in League City and Galveston County and Defendant attempts to collect alleged debts throughout the state of TX.

16.     Defendant EX knowingly reported information regarding a Plaintiff domiciled in League City, TX, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

17.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

18.     PRA's collection activities violated the FDCPA.

19.     Defendants' credit reporting and/or failure to properly dispute information violated the FCRA.

20.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

21.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied her the right to information due to her under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

22.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

3

## PARTIES

23.    Plaintiff, Melodie Parker (hereafter "Plaintiff"), is a natural person currently residing in Galveston County, in the state of TX.

24.    Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

25.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

26.    Defendant PRA is a Delaware corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal address at 120 Corporate Blvd, Norfolk, VA 23502.

27.    PRA is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

28.    PRA regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

29.    Defendant EX is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

30.    Defendant PRA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

31.    EX is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). EX regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

32.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than PRA.

33.    On a date better known by PRA, PRA began to attempt to collect an alleged consumer debt from the Plaintiff.

34.    The alleged debt was said to be owed to Comenity Capital Bank.

35.    That this alleged debt would only have been incurred for a personal line of credit and would have been only for personal or family purpose.

36.    That this alleged account would have only been used for personal, family, or household purposes and would thus be a consumer debt.

37.    The reporting of the alleged debt contains an inaccurate balance.

38.    The reporting of the alleged debt contains an inaccurate status.

39.    The reporting of the alleged debt contains inaccurate delinquency information.

40.    The reporting of the alleged debt contains inaccurate dispute information.

41.    The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

42.    The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

43.    That PRA was reporting the collection account on Plaintiff's credit report with EX.

44.    That PRA was voluntarily reporting the alleged collection account on Plaintiff's credit report with the credit reporting agencies.

45.    PRA's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

46.    On or about 09/06/2022, Plaintiff sent a dispute letter to EX notifying the account with PRA as disputed. **Exhibit A.**

47.    This letter provided notice of the inaccurate reporting to EX.

48.    Once EX received notice of this letter, it was required to provide notice of such disputes and request for re-investigation to the furnisher, in this case PRA.

49.    EX received the letter sent by Plaintiff.

50.     EX transmitted notice of this dispute to PRA via an Automated Credit Dispute Verification form ("ACDV").

51.     PRA was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

52.     Alternatively, EX failed to send notice of the dispute to PRA after receiving notice of the dispute from Plaintiff.

53.     After receiving this notice, in any subsequent voluntary reporting, PRA must then include the dispute notation on said account.

54.     On or about 12/02/2022, Plaintiff received an updated credit file from EX. **Exhibit B.**

55.     That the credit report was updated on 11/09/2022 by PRA.

56.     That the updated 12/02/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by EX, and transmitted to PRA.

57.     Alternatively, that the updated 12/02/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by EX after EX failed to notify PRA.

58.     That the updated 12/02/2022 credit report did not contain updated marked as disputed information.

59.     The updated 12/02/2022 credit report contained inaccurate information.

60.     PRA failed to investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the alleged debt.

61.     PRA must have voluntarily updated the Plaintiff's alleged account by communicating with EX.

62.     That PRA furnished information to EX regarding Plaintiff's account without notifying them the account had been disputed by consumer, even after receiving notice by EX of the dispute.

63.     That PRA failed to update the account information and mark the account as disputed on the updated 12/02/2022 credit report after Plaintiff disputed the account on 09/06/2022 and was given notice of such by EX.

64.    In the alternative, if PRA properly updated the account information and marked the account as disputed with EX after receiving notification of dispute from Plaintiff, then EX failed to update the account information and mark the account as disputed on the updated 12/02/2022 credit report.

65.    PRA never properly updated the account information or marked the account as disputed even after receiving information of the dispute from EX.

66.    Alternatively, EX never updated the account information and marked the account as disputed even after receiving information of the dispute remark from PRA in its subsequent voluntary reporting or via a response to an Automated Credit Dispute Verification ("ACDV") request.

67.    All of PRA's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

68.    All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

69.    Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the PRA and/or EX.

70.    Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by PRA and/or EX.

71.    Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by PRA and/or EX.

72.    Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

73.    Plaintiff's injury-in-fact is fairly traceable to the challenged representations of PRA and/or EX.

74.    Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

75.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

76.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

77.    That because Plaintiff disputed the debt, PRA, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

78.    PRA used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

79.    PRA's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

8

80.     PRA violated the Plaintiff's right not to be the target of misleading debt collection communications.

81.     PRA violated the Plaintiff's right to a truthful and fair debt collection process.

82.     PRA's communications with Plaintiff were deceptive and misleading.

83.     PRA used unfair and unconscionable means to attempt to collect the alleged debt.

84.     PRA's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to PRA's collection efforts.

85.     PRA's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

86.     PRA's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

87.     Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

88.     Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of PRA's conduct.

89.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. PRA's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

90.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

91.     Defendant PRA's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Melodie Parker, prays that this Court:

   A.  Declare that PRA's debt collection actions violate the FDCPA;

   B.  Enter judgment in favor of Plaintiff Melodie Parker, and against PRA, for actual and

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

   C.  Grant other such further relief as deemed just and proper.

**Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse**

92.  Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

93.  Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

94.  PRA's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

95.  PRA attempted to coerce Plaintiff into paying an alleged debt he otherwise would not have paid by submitting false and inaccurate information to her credit report.

96.  PRA could have no other purpose in doing this except to harm Plaintiff's reputation and deprive her of her ability to receive any type of credit line unless he paid the alleged debts.

97.  Defendant PRA's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Melodie Parker, prays that this Court:

   A.  Declare that PRA's debt collection actions violate the FDCPA;

   B.  Enter judgment in favor of Plaintiff Melodie Parker, and against PRA, for actual and

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

   C.  Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices**

98.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

99.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

100.    PRA attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

101.    PRA used unfair and unconscionable means to attempt to collect the alleged debt.

102.    PRA's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Melodie Parker, prays that this Court:

A.      Declare that PRA's debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff Melodie Parker, and against PRA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper.

## Count IV: Violation Of 15 U.S.C. § 1681e(b) of the FCRA-Reinvestigations of Disputed Information

103.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

104.    EX violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

105.    As a result of this conduct, action and inaction of EX, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish, and the humiliation and embarrassment of credit denials.

106.    EX's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

107.    The Plaintiff is entitled to recovery costs and attorney's fees from EX in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

11

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Melodie Parker, prays that this Court:

        A.      Declare that EX's credit reporting actions violate the FCRA;

        B.      Enter judgment in favor of Plaintiff Melodie Parker, and against EX, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

        C.      Or, in the alternative, enter judgment in favor of Plaintiff Melodie Parker, and against EX, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

        D.      Grant other such further relief as deemed just and proper.

### Count V: Violation Of 15 U.S.C. § 1681i of the FCRA-Reinvestigations of Disputed Information

108.      Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

109.      Defendant EX violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to PRA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

110.      As a result of this conduct, action and inaction of EX, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

111.      EX's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

112.      The Plaintiff is entitled to recovery costs and attorney's fees from EX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Melodie Parker prays that this Court:

        A.      Declare that EX's credit reporting actions violate the FCRA;

B.      Enter judgment in favor of Plaintiff Melodie Parker, and against EX, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C.      Or, in the alternative, enter judgment in favor of Plaintiff Melodie Parker, and against EX, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D.      Grant other such further relief as deemed just and proper.

## Count VI: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

113.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

114.    Defendant PRA violated 15 U.S.C. § 1681s-2(b) by continuing to report the PRA representation within Plaintiff's credit file with EX without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the PRA representation; by failing to review all relevant information regarding same; by failing to accurately respond to PRA; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PRA representations to the consumer reporting agencies.

115.    As a result of this conduct, action and inaction of PRA, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

116.    Defendant PRA's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

117.    Plaintiff is entitled to recover costs and attorney's fees from PRA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Melodie Parker, prays that this Court:

A.      Declare that PRA's credit reporting actions violate the FCRA;

13

B.    Enter judgment in favor of Plaintiff Melodie Parker, and against PRA for actual

damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C.    Or, in the alternative, enter judgment in favor of Plaintiff Melodie Parker, and against

PRA, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA;

and

D.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

118.    Plaintiff demands a trial by jury on all Counts so triable.

Dated: November 6, 2023

**HALVORSEN KLOTE**

By:    /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
Attorney for Plaintiff